ROGERS *v.* STEVENS.

When a defendant, arrested in mesne process by virtue of an affidavit endorsed on the writ, is carried before two justices of the peace to be heard on his application for discharge from the arrest, he may, in addition to his affidavit, be requested to answer under oath questions proposed to him by the creditor.

If he decline to answer such questions and thereupon withdraw his application to be discharged, the officer holding him in arrest may legally commit him to jail.

After being legally committed to jail, he cannot apply to two justices for his discharge.

PETITION *for habeas corpus*, addressed originally to Bellows, J., and by him adjourned into this court.

The petition alleged that the petitioner was restrained of his liberty

by the defendant, the sheriff of Hillsborough ; that he was arrested October 1, 1864, on three writs of mesne process, and, on the same day, made application to Merrill F. Stevens, the deputy of the defendant, who then held him arrested on the writs, to be carried before two justices of the peace to take the oath prescribed by law, and for his discharge ; that Merrill F. Stevens thereupon carried him before James U. Parker and Bradbury P. Cilley, two justices of the peace, *quorum unus* ; that he made and submitted to said justices a sworn statement that he did not conceal his property so that no attachment could be made, and that he was not about to leave the State to avoid the payment of his debts ; that a hearing was had and the creditors introduced evidence intended to negative the sworn statement of the petitioner, and called on the petitioner to be sworn in order to his examination before the justices ; that the petitioner objected to this, and, when the justices, after advisement, decided that he must submit to such examination, the petitioner withdrew his application, and declined to proceed further in the matter ; that his affairs were in so complicated a state that he did not understand them himself and could have made no satisfactory explanation of them ; that, on the first day of December 1864, he made application to the said Daniel F. Stevens to be carried before two justices on said writs ; that said Stevens then refused and continued to refuse, &c., and imprisoned him and restrained him of his liberty.

It appeared that the petitioner was arrested, and carried before two justices, as stated in his petition ; that he presented to said justices his affidavit denying in general terms the facts stated in the affidavits endorsed on the writs ; that the creditors introduced evidence to contradict the affidavit of the petitioner, and proposed to examine him further under oath, to which he objected ; that the justices decided he should submit to the examination ; whereupon the petitioner declined to submit to such examination, and proposed to withdraw his application, to which the creditors objected ; but the justices, being of opinion that he had the right, allowed him to withdraw it, and he was thereupon committed to jail on the writs, and continued to be imprisoned on them in the county jail.     On the first of December, 1864, he applied to the sheriff to be again carried before two justices, and was refused.

*Topliff*, for the petitioner.

*Morrisou, Stanley & Clark*, and *Eastman & Cross*, for the defendant.

Perley, C. J.   No person can be arrested in any suit on a contract made after March 1, 1841, unless the affidavit prescribed by the statute is endorsed on the writ ; and in such case "the defendant when arrested may require the officer making the arrest to carry him before two justices, one of whom shall be of the quorum ; and such justices, upon consideration of his affidavit and such evidence as may be laid before them, if they believe he does not so conceal his property and has no intention to leave the State, may make an order for his discharge upon

the writ or execution, and he shall be released.    Was the decision of the two justices, that the petitioner should be subjected to a personal examination on motion of the creditors, right?

The hearing on the application of the debtor for his discharge from arrest is to be on his affidavit and such evidence as may be laid before the justices.    The debtor must present his affidavit as part of the evidence ; but the provision that he shall offer his own affidavit was not, we think, intended to shut out any other evidence proper to be received on such an inquiry.    The statute evidently contemplates that there shall be opportunity for a full investigation of the question, whether the debtor is entitled to be discharged from the arrest.    A general denial of the facts stated in the affidavit endorsed on the writ would be of little use to the creditor, who proposed to enter upon a serious examination of the case ; and it could not have been the intention of the statute to deny the creditor the right of putting particular questions to the debtor.    Besides, by the statute of 1857, "no person shall be excused or excluded as a witness in any civil suit or proceeding at law or in equity by reason of interest in the event of the suit as a party or otherwise."    This was not a criminal, but a civil, proceeding at law, plainly within the aims, and the scope and intent, of the statute.    Our opinion, therefore, is that the ruling of the justices on this point was correct.

The petitioner was carried, on his request, by the officer who arrested him, when he was arrested, before two justices, who heard his application and correctly decided on the question of admitting the creditors to examine him under oath, and, so far as appears, on all other questions which were raised before them.    The debtor, before any decision on the question of his discharge, chose to withdraw his application, and was legally committed to jail on the writs.    He certainly stands no better on this state of facts than he would if he had made no application to the officer who arrested him.    He afterwards applied, not to the officer who arrested him, nor when he was arrested, but to the sheriff after his commitment to jail, to be carried again before two justices.    But his right to be carried before two justices is on application to the officer, who arrests him, and when he is arrested.    His application must be to the officer who arrests him, while he is held in arrest by that officer, and before he is committed to jail.    After commitment neither the sheriff nor the jailer has any authority under the statute to carry him before two justices. He may be discharged from jail by giving bail ; but the provision of the statute, which we are considering, evidently relates only to the time while the debtor, before commitment, remains in the custody of the officer who arrested him.

Our conclusion is that the petitioner was legally imprisoned and was not entitled to his discharge, nor to be carried again by the sheriff before two justices of the peace.